POTTS, APPELLEE, *v.* DAVID L. SMITH CONSTRUCTION CO., INC., APPELLANT.

(No. 1348—Decided February 2, 1970.)

*Messrs. Connaughton, Ferris & Connaughton,* for appellee.

*Messrs. Baden & Baden* and *Mr. James H. Scheper,* for appellant.

SHANNON, P. J.   This is an appeal on questions of law from a judgment of the Hamilton Municipal Court.

The defendant corporation was the general contractor for the construction of a building and adjacent parking area, which was to be illuminated.   By January 29, 1969, defendant had paved the parking lot and had installed three concrete light standard bases.

While construction progressed on the building, workmen were permitted to use the parking lot. Plaintiff was employed by a subconstractor for defendant and had worked at the site for about one week prior to January 29th.   On the morning of that day, plaintiff drove his car onto the parking area from the front.   According to his testimony, that was the first time he had entered the construction area from the front, having theretofore driven into it from the rear.   Plaintiff drove past a row of parked vehicles, made a left turn at a speed of from five to ten miles per hour, and struck one of the light standard bases.   His car travelled some ten feet beyond the base after impact and was damaged by the collision.

The light standard bases had been installed by defendant in accordance with the contract specifications and were approximately 16 to 18 inches in height and 16 to 18 inches square.   The light poles which they were designed to hold had not yet been placed in position.   Plaintiff denied knowledge of the existence of the bases; there was, however, some testimony to the contrary.

Plaintiff filed suit to recover property damage, alleging in his petition that the defendant general constractor was negligent "in that it failed to warn persons rightfully using said parking area of the existence of the concrete

light standard by use of lights, blockades or other warning devises [*sic*]."

Defendant's answer denies any negligence and specifically alleges that "plaintiff was negligent in that he failed to maintain a proper lookout and failed to exercise ordinary care for his own safety * * *."

The cause was heard without a jury, and the court found the issues in favor of plaintiff, awarding recovery for damages to the vehicle.

Upon motion timely made, the court stated separately its findings of fact and conclusions of law.

Among the findings of fact are these:

"4. The plaintiff was upon the premises at the request of the defendant for a lawful purpose.

"5. The defendant failed to warn the plaintiff of the existence of the incomplete light standard.

"6. The plaintiff was using ordinary care under the circumstances."

The court concluded as a matter of law that:

"2. The incomplete light standard was a latent and concealed peril under the control of the defendant upon land then being occupied by the defendant.

"3. Plaintiff was at the time of the accident a business invitee upon the premises at the request of the defendant.

"4. The defendant, occupant of this land, owed to the plaintiff a duty to give warning of latent or concealed perils of which the defendant had knowledge.

"5. The dangers were not discernible by a prudent person, using ordinary care, under the circumstances."

The defendant now appeals from the judgment rendered, assigning as error that it is contrary to law.

The initial question presented is whether the defendant owed the plaintiff a duty to warn him of the presence of the light standard base to prevent plaintiff from sustaining injury.

The trial court was correct in its conclusion that at the time of the accident plaintiff was a business invitee upon the premises.

Restatement of the Law, Torts 2d, Section 332, quoted

with approval in *Holdshoe* v. *Whinery,* 14 Ohio St. 2d 134, states:

"(3)   A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with the business dealings with the possessor of the land."

The Court of Appeals for Summit County, when considering a case involving a suit to recover damages for personal injuries sustained by an employee of an independent contractor as a result of negligence of an employee of another independent contractor, determined that the injured employee, while engaged in the erection of the building, was a business visitor or invitee of the owner of the premises and not a licensee. *McGeary* v. *Reed,* 105 Ohio App. 111 (motion to certify the record overruled, October 9, 1957) at page 115.

Consequently, the duty which defendant here owed plaintiff, generally, was to exercise ordinary care, consistent with the purposes of the invitation, to maintain the land in a reasonably safe condition for the protection of such invitees. See *Holdshoe* v. *Whinery,* 14 Ohio St. 2d 134, at page 137, and cases there cited, and especially paragraph two of the syllabus thereof:

"2.   The owner and occupier of land is not an insurer of the safety of patrons whom he invites on his land."

In addition to being entitled to expect that defendant have the parking lot in a reasonably safe condition for him to enter upon and work, the plaintiff could also expect that defendant would give him warning of latent or concealed perils of which defendant knew, the general rule being that:

"* * * an owner or occupant of lands or buildings, who directly or by implication invites or induces others to go thereon or therein, owes to such persons a duty to have his premises in a reasonably safe condition, and to give warning of latent or concealed perils of which he knows. He must use ordinary care in keeping his premises free from dangers which are not discernible by a prudent person, using ordinary care, under the circumstances. * * *" 39 Ohio Jurisprudence 2d 564, 565, Negligence, Section 52.

The court below concluded that defendant breached its

duty by failing to warn plaintiff of the presence of the light standard base, a latent and concealed peril of which defendant had knowledge not discernible by a prudent person using ordinary care under the circumstances.

Ballentine's Law Dictionary, Second Ed., defines latent as "hidden from view; concealed; not discoverable by ordinary inspection."

Therefore, a latent peril is a danger which is hidden, concealed and not discoverable by ordinary inspection, that is, not appearing on the face of a thing and not discernible by examination.

Ordinarily, a cube of concrete eighteen inches on an edge is an innocuous thing easily visible to the eye. Therefore, to say that the light standard base here involved is a latent peril strains credulity. To determine that it is such as a matter of law is error.

The defendant did not breach a duty owing plaintiff. Nothing in the testimony warrants the conclusion that the premises were not free from danger not discernible by a prudent person, using ordinary care for his own safety under the circumstances prevailing. We feel that such conclusion on our part is in harmony with the rationale set forth in cases dealing with the same general subject matter as *Jeswald* v. *Hutt,* 15 Ohio St. 2d 224, and *Helms* v. *American Legion, Inc.,* 5 Ohio St. 2d 60.

Defendant's motion for a "directed verdict" at the close of plaintiff's case in chief should have been granted, there having been a failure of proof of negligence. Consequently, it is unnecessary for us to comment upon the question of contributory negligence, but it can scarcely be said that one who drives his vehicle around a parked car obscuring his view and strikes an object easily discerned has not failed to use ordinary care for his own safety.

The judgment of the Hamilton Municipal Court is reversed and final judgment rendered for the defendant, David L. Smith Construction Company, Inc.

*Judgment reversed.*

HESS, J., concurs.

HILDEBRANT, J., not participating.