OPINION
Plaintiff-appellant, Margaret Coco, appeals from a judgment of the Franklin County Common Pleas Court granting summary judgment in favor of defendant-appellee, Chi-Chi's, Inc.
On the morning of August 25, 1995, plaintiff was walking from her overnight stay at the Red Roof Inn to a nearby restaurant, Bob Evans. To get to the restaurant, plaintiff walked through property defendant owned. A wall ranging from eight inches at its lowest point and two feet at its highest point runs along most of the line dividing defendant's property from the Bob Evans property. The two properties are not at an equal elevation.
As plaintiff walked through defendant's property, she attempted to get to Bob Evans by stepping over the far end of the wall, where the distance from the top of the dividing wall to Bob Evans' property was two feet. In stepping over the wall, plaintiff fell to the ground on Bob Evans' property and suffered personal injuries.
Plaintiff filed suit, alleging that defendant negligently failed to provide any notification of the two-foot decrease from defendant's parking lot to Bob Evans' lot. On defendant's motion, however, the trial court found the two-foot drop between the properties was an open and obvious condition that plaintiff reasonably should have discovered as she prepared to step over the wall. Because a property owner has no duty to warn of an open and obvious condition, the trial court found no genuine issue of material fact and granted judgment as a matter of law in defendant's favor.
Plaintiff timely appeals, assigning the following error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT BY FAILING TO CONSIDER THE EVIDENCE IN A LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY.
Plaintiff's assignment of error contends the trial court erred in granting summary judgment in defendant's favor. In accordance with Civ.R. 56, the evidence must be construed most strongly in favor of the non-moving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,296. If the moving party makes that showing, the nonmoving party then must produce evidence on any issue for which the party bears the burden of production at trial. Wing v. AnchorMedia, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v. Catrett [1986], 477 U.S. 317, approved and followed).
To establish actionable negligence, plaintiff must show the existence of a duty on the part of the defendant toward the plaintiff, a breach of that duty, and an injury proximately caused by such breach of duty. Where no duty or obligation of care or caution exists, no actionable negligence arises.Mussivand v. David (1989), 45 Ohio St.3d 314; Strother v.Hutchinson (1981), 67 Ohio St.2d 282. "The existence of a duty in a negligence action is a question of law for the court to determine." Mussivand, supra, at 318.
Under the law of negligence, the defendant's duty to a plaintiff depends on the relationship between the parties and the foreseeability of injury to someone in plaintiff's position.Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 645. The trial court found that plaintiff was a business invitee on defendant's property, a finding that neither party disputes on appeal. Assuming, without deciding, that plaintiff was a business invitee, we note that generally a business owner owes the duty of ordinary and reasonable care for the safety of its business invitees, and thus is required to keep its premises in a reasonably safe condition. Perry v. Eastgreen Realty Co. (1978),53 Ohio St.2d 51, 53. While a business owner is not an insurer of the safety of its business invitees, a duty exists to warn invitees of known latent dangers. Id. at 52.
A business owner, however, has no duty to protect business invitees from dangers "* * * which are known to such invitee or are so obvious and apparent to such invitee that he [or she] may reasonably be expected to discover them and protect himself [or herself] against them." Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of syllabus; see, also, Brinkman v.Ross (1993), 68 Ohio St.3d 82, 84; Potts v. Smith Constr. Co.
(1970), 23 Ohio App.2d 144, 147. In explaining the "open and obvious" doctrine, the court in Simmers stated that "[t]he rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Id. at 644 (citation omitted). An "obvious and apparent" or "open and obvious" danger is one that is neither hidden nor concealed from view nor non-discoverable by ordinary inspection. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49,50-51; Potts, supra, at 148. It includes a danger "which a prudent person may notice upon a reasonable inspection." Norman v. BPAmerica, Inc. (Nov. 4, 1997), Franklin App. No. 97APE06-790, unreported (1997 Opinions 4479, 4481).
Plaintiff's deposition testimony indicates she was walking to the wall with two other people on the morning of the incident. She stated she was looking straight ahead and was paying attention to where she was going. As she neared Bob Evans, she noticed what she thought to be a curb ahead of her. At that time, she was walking and talking with two other people. As she came to the curb, she felt she simply needed to step over it to get to the other side. When she got to the curb, she stepped over it and fell. She said she fell because "there was a wall there that I didn't anticipate. If I had stepped over a curb and been on the same level of ground that I had been walking on, there would have been no accident." (Plaintiff's Dep. 39.)
A reasonable inspection would have discovered the plainly visible two-foot drop that lay behind the wall. Plaintiff's failure to take actual notice of the drop does not relieve her of the duty to exercise reasonable care in protecting herself from falling as she stepped over a wall. Howard v. J.C.Penney Co., Inc. (Nov. 3, 1994), Franklin App. No. 94APE04-469, unreported (1994 Opinions 5046); see, also, Austin v. WoolworthDepartment Stores (May 6, 1997), Franklin App. No. 96APE10-1430, unreported (1997 Opinions 1599, 1604) (affirming summary judgment for defendant when "appellant, in the exercise of the care he was required to use, certainly could have seen and avoided this incident."); Umof v. Arbors of Dublin Ltd. Partnership (Feb. 20, 1992), Franklin App. No. 91AP-982, unreported (1992 Opinions 613, 621) (affirming summary judgment for defendants when "reasonable minds could conclude only that the [dangerous condition] was sufficiently obvious and apparent that plaintiff would reasonably have been expected to discover it by ordinary inspection").
Plaintiff nonetheless cites Texler v. D.O. SummersCleaners and Shirt Laundry Co. (1998), 81 Ohio St.3d 677, and contends its rationale requires reversal here. Texler premised its holding on foreseeability, and examined the facts in terms of what a reasonably prudent person would have anticipated. Texler differs from this case in at least two significant aspects. In Texler, the obstruction was on a sidewalk where pedestrian traffic would be anticipated. By contrast, plaintiff here chose to traverse defendant's parking lot to reach her ultimate destination. More significantly, however, defendant's own actions in Texler produced a significant and new obstruction in an otherwise usually clear sidewalk, a door propped open by a bucket containing concrete blocks. Further, defendant placed the obstruction so that it was in the path of pedestrians, including Dorothy Texler, just after they walked around the corner. Here, defendant did nothing; at the time of plaintiff's fall the wall was as it always was, straight ahead of plaintiff in plain view.
In the final analysis, because the two-foot drop that caused this incident was an open and obvious condition that plaintiff, in the exercise of reasonable care, could have discovered, the trial court properly granted summary judgment to defendant. Accordingly, plaintiff's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
KENNEDY and DESHLER, JJ., concur.