DECISION
Appellant, Guilda Robinson, appeals from a judgment of the Franklin County Court of Common Pleas which granted summary judgment in favor of appellee, the Kroger Company. Appellant sets forth the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED WITH RESPECT TO WHETHER THE "SPILL" AT APPELLEE'S WAS "OPEN AND OBVIOUS."
For the reasons which follow, we affirm the judgment of the trial court.
Appellant slipped and fell while she was shopping at Kroger in September 1998. In her complaint, appellant alleged that the floor was wet, and that Kroger failed to maintain its lobby area or to display adequate warning signs. Kroger filed an answer and admitted that a customer had spilled orange juice on the floor and alleged it had placed a warning sign in the area.
Kroger then filed a motion for summary judgment and argued that the spilled orange juice was an open and obvious hazard and, further, it had placed an appropriate warning sign in the area. Appellee's motion for summary judgment was supported by the affidavit of Tracy Patterson, a co-manager at the Kroger store where appellant fell. Attached to Patterson's affidavit and incorporated into it were photos taken by the store's security cameras at or near the time appellant fell, showing a large spill of an orange colored liquid, as well as a large yellow warning sign that appears to be three-sided. In her affidavit, Patterson stated:
 7. Prior to the plaintiff's fall, Kroger employees placed a large conspicuous warning cone in the center of the spill. The cone measured 29" tall and the base of each side measured 23" wide.
 8. The spill itself was open and obvious as it was bright orange, approximately two feet wide and four feet long.
Appellant argued, in her memorandum in opposition to the motion for summary judgment, that placement of one sign was inadequate because of the size of the spill and a warning sign should have been placed at each end of the spill. Appellant further argued that the spill was not open and obvious because she was looking for items on the shelves and not looking at the floor. Attached to appellant's memorandum in opposition to the motion for summary judgment were several photographs. The photographs were not incorporated by reference in an affidavit and no evidentiary material that complied with Civ.R. 56(C) was provided. In its reply, appellee objected to the photographs.
Summary judgment is proper if there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can only reach a conclusion adverse to the party opposing the motion. See Norrisv. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64; and Ohio Bus Sales,Inc. v. Toledo Bd. of Edn. (1992), 82 Ohio App.3d 1. In Dresherv. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court stated that the moving party, on the ground the non-moving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Once the moving party satisfies this initial burden, the non-moving party has the reciprocal burden to set forth specific facts showing there is a genuine issue for trial.
Appellate review of summary judgment is de novo and, as such, we stand in the shoes of the trial court and conduct an independent review of the record. Koos v. Central Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579.
Appellant is correct that, when ruling on a motion for summary judgment, a trial court may consider documents other than those specified in Civ.R. 56(C) when no objections are raised.Lytle v. Columbus (1990), 70 Ohio App.3d 99. The trial court, however, is not required to consider such documents. Although it did not file a separate motion to strike appellant's photographs, appellee did object to their consideration in its reply memorandum.
In order to prevail, appellant must show that appellee owed her a duty of care, that it breached that duty of care and that the breach proximately caused her injury. Strother v.Hutchinson (1981), 67 Ohio St.2d 282. A defendant's duty to a plaintiff depends on the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position.Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642. Here, there can be no dispute that appellant was a business invitee of appellee. An owner or occupier of premises owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. A business owner, however, is not the insurer of a customer's safety.
An owner or occupier of property has a duty to warn a business invitee of an unreasonably dangerous latent condition that a business invitee cannot reasonably be expected to discover. A latent danger is a danger which is hidden, concealed and not discoverable by ordinary inspection, that is, not appearing on the face of a thing and not discernable by examination. Potts v.Smith Constr. Co. (1970), 23 Ohio App.2d 144, 148. An owner or occupier of property owes no duty to warn business invitees of open and obvious dangers on the property. Sidle v. Humphrey
(1968), 13 Ohio St.2d 45. The rationale behind this doctrine is that the open and obvious nature of the danger itself serves as a warning. Such a danger is one that is neither hidden nor concealed from view nor not subject to discovery by ordinary inspection. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49.
The photographs submitted by appellee and incorporated into Patterson's affidavit show a large spill of an orange colored liquid in the aisle which contrasts with a lighter-colored floor. The aisle in which most of the spill is located runs perpendicular to other aisles and some of the liquid appears to extend down one of the other aisles. The warning sign is placed in the aisle where most of the spill is located. Whether the sign is at the center edge of the spill or the end of the spill depends on which aisle one was using and from which direction one was approaching. Since appellant failed to submit an affidavit or other evidentiary material, there is nothing in the record to show where she fell in relation to the spill or the sign, or what caused her to fall. Thus, the photographs and affidavit submitted by appellee meet its burden to show there is no genuine issue of material fact as to whether it placed a warning sign in the area of the spill or whether the spill was open and obvious.
Appellant then had a reciprocal burden to show the existence of genuine issues of material fact for trial and this she failed to do. Even assuming the photographs attached to appellant's response to the motion for summary judgment were properly before the court, they do little to support appellant's contention that the warnings were inadequate or that the spill was not open and obvious. Unfortunately, the photographs provided by appellant were apparently copied on a duplicating machine and are in black and white. While the area of the spill is not discernable in those photographs, what is discernable is the large warning sign.
Thus, the only evidence before the trial court was the evidence submitted by appellee showing a large discernable spill, which was an open and obvious defect, and, in addition, a warning sign placed by appellee. Thus, appellant has failed to demonstrate that there were genuine issues of material fact for trial as to whether the condition was open and obvious, or whether appellant failed to provide a warning.
For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
BROWN and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.