This is an appeal from a judgment of the Franklin County Court of Common Pleas, which granted summary judgment in favor of defendant, The Fifty-Five Restaurant Group, Ltd. Plaintiff, Lorena S. Whitelaw, appeals that judgment and sets forth the following assignment of error:
 The trial court committed reversible error by granting summary judgment in favor of Defendant-Appellee when the evidentiary record contained genuine issues of material fact regarding the issues of liability.
On May 6, 1998, plaintiff was entering defendant's restaurant, Fifty-Five at the Crossroads, when her toe caught on the threshold of the front door and she fell and sustained injuries. Plaintiff filed a complaint alleging negligence because the threshold varied in height. Defendant filed a motion for summary judgment, which was granted by the trial court.
By her assignment of error, plaintiff contends that the trial court erred in granting summary judgment in favor of defendant. In order to grant a motion for summary judgment, the court must find that, construing the evidence most strongly in favor of the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made.Williams v. First United Church of Christ (1974), 37 Ohio St.2d 150,151.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio stated that the moving party, on the ground that the nonmoving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Once the moving party satisfies this initial burden, the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. The issue presented by a motion for summary judgment is not the weight of the evidence, but whether there is sufficient evidence of the character and quality set forth in Civ.R. 56 to demonstrate the existence or nonexistence of genuine issues of fact.
In reviewing a trial court's disposition of a summary judgment motion, an appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the standard for granting summary judgment set forth in Civ.R. 56, as well as the applicable law. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
To prevail upon her claim of negligence, plaintiff was required to prove by a preponderance of the evidence that defendant owed her a duty of care, that it breached that duty, and that the breach proximately caused her injuries. Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285. "Under the law of negligence, a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position." Simmers v. Bentley Constr. Co.
(1992), 64 Ohio St.3d 642, 645.
The parties agree that plaintiff was a business invitee of defendant. "[B]usiness invitees are those persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Baldauf v. Kent State Univ. (1988),49 Ohio App.3d 46, 47. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203 . However, a business owner is not an insurer of a customer's safety. Id.
An owner or occupier of property has a duty to warn a business invitee of unreasonably dangerous latent conditions that a business invitee cannot reasonably be expected to discover. A latent danger is "a danger which is hidden, concealed and not discoverable by ordinary inspection, that is, not appearing on the face of a thing and not discernible by examination." Potts v. Smith Constr. Co. (1970), 23 Ohio App.2d 144,148. Premises are not considered unreasonably dangerous where the defect is "so insubstantial and of the type that passersby commonly encounter."Baldauf, supra, at 49.
An owner or occupier of property owes no duty to warn invitees of open and obvious dangers on the property. Simmers, supra, at 644, citingSidle v. Humphrey (1968), 13 Ohio St.2d 45. The rationale behind the "open and obvious" doctrine is that "the open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Andersonv. Ruoff (1995), 100 Ohio App.3d 601, 604, citing Simmers, supra. Such "open and obvious" hazards are those that are neither hidden or concealed from view nor nondiscoverable by ordinary inspection. Parsons v. LawsonCo. (1989), 57 Ohio App.3d 49, 50-51. "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case." Miller v. Beer BarrelSaloon (May 24, 1991), Ottawa App. No. 90-OT-050, unreported. If there is no duty, the premises owner cannot be negligent. Anderson, supra.
In the instant case, plaintiff states in her deposition that she had been to the restaurant many times and had never tripped on the threshold before this incident. (L. Whitelaw depo., 8.) She further avers that she has crossed over many thresholds in her life and knows that she has to watch where she is walking while crossing a threshold because thresholds often vary in height. (L. Whitelaw depo., 8-9.) She admits that she probably could have stepped over the threshold with no problem if she had been looking. (L. Whitelaw depo., 13.) She also admits in her deposition, at 15, as follows:
 Okay. Now, it's not uncommon that thresholds be worn in different degrees?
No.
 People walk in different places, some people step on thresholds, some people step over thresholds?
I try my best to look over.
But you weren't looking?
I was looking, yes, but I wasn't looking at my feet.
Accepting plaintiff's contention that the threshold constituted a danger because it varied in height, plaintiff's testimony demonstrates that the threshold was an open and obvious danger because it was neither hidden nor concealed from view and it was discoverable by ordinary inspection. Defendant had no duty to warn plaintiff of an open and obvious danger. Thus, plaintiff has not proven that defendant owed her a duty.
Plaintiff argues that in Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, the Supreme Court of Ohio determined that the issue of whether a premises defect is open and obvious is a question of fact for the jury. In Texler, employees of a laundry propped open a door with a bucket of concrete blocks which extended over half the sidewalk. The plaintiff was walking down the sidewalk and fell, thereby injuring her wrist. The court found that the existence of a particular party's duty depends upon the foreseeability of the injury. The court then quoted the test set forth in Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77, as follows: "Whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." The court determined that the question of whether the contributory negligence of a plaintiff is the proximate cause of the injury is an issue for the jury pursuant to the comparative negligence provisions of R.C.2315.19(A)(1). However, issues of comparative negligence are not reached if the court determines that a landowner owes no duty. Mustric v. PennTraffic Corp. (Sept. 7, 2000), Franklin App. No. 00AP-277, unreported. Here, we have determined that defendant owed no duty to plaintiff. Thus,Texler is inapplicable.
Plaintiff also submitted the affidavit of an expert, Kurt F. Grashel, a building inspector. In his affidavit, Grashel asserts that he inspected the premises and the threshold does not meet the 1995 Ohio Basic Building Code. He also states that the building was built in 1986 and renovated in 1997, but the threshold was not replaced. Grashel opines that if the threshold had been replaced or eliminated, the fall would not have occurred. Grashel's opinion concerning replacement involves proximate cause. Given the above analysis, proximate cause is no longer relevant.
This case is similar to Coco v. Chi-Chi's, Inc. (Sept. 23, 1999), Franklin App. No. 98AP-1306, unreported. In that case, Coco was walking from her overnight stay at the Red Roof Inn to a nearby Bob Evans restaurant. To get to the restaurant, Coco had to walk through property owned by Chi-Chi's. A wall ranging from eight inches at its lowest point and two feet at its highest point ran along most of the line dividing Chi-Chi's property from the Bob Evans' property. The two properties were not at an equal elevation. As Coco walked through Chi-Chi's property, she attempted to step over the far end of the wall, where the distance from the top of the dividing wall to Bob Evans' property was two feet. In stepping over the wall, Coco fell and sustained injuries. Coco filed a lawsuit, contending that Chi-Chi's negligently failed to provide any notification of the two-foot decrease from its parking lot to Bob Evans' property. The trial court granted Chi-Chi's summary judgment motion. This court affirmed, finding that a reasonable inspection would have discovered the drop in elevation behind the wall and that Coco's failure to take actual notice of the drop did not relieve her of the duty to take reasonable precautions to protect herself from injury. Since the condition was an open and obvious condition which Coco could have discovered if exercising reasonable care, this court found that summary judgment for Chi-Chi's was appropriate. The same is true in this case. Accordingly, plaintiff's assignment of error is not well-taken.
For the foregoing reasons, plaintiff's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and TYACK, JJ., concur.