This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Joseph Ritenauer, appeals from the decision of the Lorain County Court of Common Pleas granting summary judgment in favor of Appellees, Lorain Country Club Limited and River Course Management, Inc., and dismissing Appellees' third party complaint. This Court affirms.
Appellant was injured on Appellee's golf course after falling out of a golf cart that was driven by Craig Carpmail ("Carpmail"). Appellant filed a complaint alleging negligence on the part of Appellees. Appellees answered and filed a third party complaint against Carpmail. Appellees moved for summary judgment. The trial court granted the motion and dismissed the third party complaint without prejudice. Appellant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred in granting [Appellees'] motion for summary judgment and dismissing third party defendant based on the "open and obvious doctrine" when there are genuine issues of material fact that should be properly decided by a jury.
In Appellant's assignment of error, he argues that summary judgment was improper because there was a question of material fact as to whether the alleged hazard was open and obvious. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. An appellate court's review of a lower court's entry of summary judgment is de novo, and, like the trial court, it must view the facts in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105.
The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id. If the moving party meets this burden of proof, the burden then shifts to the non-moving party, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial.Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Id.; Civ.R. 56(E).
In order to sustain an action in negligence, a party must establish the three essential elements: duty, breach of the duty, and an injury proximately caused by the breach. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. In order to defeat a motion for summary judgment brought in a negligence action, a plaintiff must identify a duty owed to her by the defendant. The evidence must be sufficient, when considered most favorably to the plaintiff, to allow reasonable minds to infer that the duty was breached, that the breach of that duty was the proximate cause of the plaintiff's injury and that the plaintiff was injured. See Feichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394;Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19, 22-23.
In the case at bar, it is undisputed that Appellant was a business invitee of Appellee. As such, Appellees owed Appellant a duty of ordinary care to maintain the premises in a reasonably safe condition so that he would not be unnecessarily and unreasonably exposed to danger. Orndorffv. Aldi, Inc. (1996), 115 Ohio App.3d 632, 636. However, the owner is not an insurer of the invitee's safety. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203. Under the "open and obvious" doctrine, an owner owes no duty to protect business invitees from hazards which are so obvious and apparent that the invitee is reasonably expected to discover and protect against them himself. Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus. Therefore, the issue before this Court is whether the wet grass on the hill in question on the thirteenth fairway of Appellees' golf course presented an open and obvious danger to Appellant.
The record indicates that Carpmail was driving a golf cart, in which Appellant was a passenger, on Appellees' golf course. In his deposition, Appellant stated that while he and Carpmail were playing the first twelve holes of the course, he noticed that the grass was wet from watering. Specifically, he said that "[t]hey were watering the whole course all day practically" and that "they were just watering the heck out of the course[.]" Also, Appellant stated that he knew there were areas on the course that were wet.
With regard to the incident that caused his injury, Appellant testified that he and Carpmail teed off on the thirteenth hole and their golf balls went over a hill in the fairway. Appellant and Carpmail stated that they drove to the top of the hill and located the balls on the other side at the bottom. They testified that the golf cart started to slide down the hill and spin around in circles, due to the wet grass. Appellant fell out of the cart and injured his shoulder.
Appellees moved for summary judgment asserting that they owed no duty to Appellant, because grass on the hill, wet from watering, was an open and obvious hazard on the golf course. Appellant was required to discover and protect himself from the risk presented by the wet grass. Appellees would only owe a duty if the alleged defect was not discernible in the exercise of due care. Potts v. Smith Construction Co. (1970),23 Ohio App.2d 144, 147.
Appellees supported their motion for summary judgment with a number of depositions, including those of Appellant and Carpmail, as well as photographs of the hill where the incident occurred. Appellant responded to Appellees' motion for summary judgment asserting that the evidence demonstrated that Appellees created the dangerous condition by watering the grass and that Appellant did not know that the grass was wet on the thirteenth hole of the golf course. Appellant also argues for the first time on appeal that the hill in question was not noticeable until they arrived at its crest and, therefore, the hazard was not open and obvious. However, it is well settled that a party has waived the right to contest an issue on appeal if that issue was not raised at the appropriate time in the trial court. State v. Awan (1986),22 Ohio St.3d 120, syllabus, limited by In re M.D. (1988),38 Ohio St.3d 149, syllabus.
Viewing the evidence in a light most favorable to Appellant, we conclude that the wet grass on the hill that was the alleged source of Appellant's fall was an open and obvious danger. Appellant's own deposition testimony indicates that he observed that the grass on the golf course was wet from watering. Therefore, Appellees did not owe a duty to Appellant with regard to the wet grass. Because there were no genuine issues of material fact, the trial court properly granted summary judgment in favor of Appellees. Appellant's assignment of error is overruled.
Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P.J., BAIRD, J. CONCUR.