**02–424.   In re Wolford.**

Cuyahoga App. No. 80631. This cause is pending before the court as a discretionary appeal and a claimed appeal of right. Upon consideration of appellant's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

*April 4, 2002*

## MOTION AND PROCEDURAL RULINGS

**02–176.   In re Jones.**

Franklin App. No. 01AP–376. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated in the court of appeals' Judgment Entry dated January 22, 2002:

"In dependency/neglect cases, do the statutory privileges set forth in former R.C. 4732.19 and R.C. 2317.02(G) apply to the reports and/or testimony of a psychologist and a licensed independent social worker when such testimony and report were generated for forensic purposes only and do not concern communications made in the course of treatment?"

F.E. SWEENEY and COOK, JJ., dissent.

The conflict cases are *In re Layne* (June 25, 2001), Stark App. No. 2001CA00104, unreported, 2001 WL 1773763; *In re Daywalt* (Mar. 19, 2001), Stark App. Nos. 2000CA332 and 2000CA355, unreported; and *In re Kyle* (Dec. 1, 2000), Portage App. No. 2000–P–0014, unreported, 2000 WL 1774155.

**02–367.   Armstrong v. Best Buy Co.**

Lorain App. No. 01CA007848. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated in the court of appeals' Journal Entry dated February 14, 2002:

"Appellant has proposed that a conflict exists between the districts on the following issue: Whether *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677 [693 N.E.2d 271], abrogated the open and obvious doctrine as a complete bar to recovery and instead required that comparative negligence be applied to determine liability?"

MOYER, C.J., dissents.

The conflict case is *Schindler v. Gale's Superior Supermarket, Inc.* (2001), 142 Ohio App.3d 146, 754 N.E.2d 298.