OPINION
Plaintiffs-appellants, Cheryl Grigsby and her husband, Jerry Grigsby, appeal from a decision of the Warren County Common Pleas Court, granting summary judgment in favor of defendants-appellees Robert Earl Sooy, et al., with respect to Mrs. Grigsby's "trip and fall" action and Mr. Grigsby's derivative loss of consortium claim. The trial court's judgment is affirmed.
On October 10, 1998, the Grigsbys traveled to the Ohio Sauerkraut Festival, which is held annually in the village of Waynesville. The festival is sponsored by the Waynesville Area Chamber of Commerce. As the Grigsbys were walking towards the festival grounds, Mrs. Grigsby tripped over a "curb cut" in the sidewalk and sustained injuries as a result of the fall. The curb cut accommodated a driveway that led into and out of a parking lot owned by Robert and Patricia Sooy. The Sooys leased the parking lot to Christopher Smith, who operated a used car business on it. At the time of Mrs. Grigsby's accident, Smith was allowing festival attendees to park on the lot for a fee. The Grigsbys did not park in the lot themselves, but were simply walking on the sidewalk in front of the parking lot when Mrs. Grigsby tripped over the upswing of the curb cut.
The Grigsbys brought negligence and loss of consortium claims against the Sooys, Smith, and the Waynesville Area Chamber of Commerce. The Grigsbys alleged that the defendants were jointly and severally liable for the negligent construction, inspection, maintenance or repair of the sidewalk and curb cut. The Grigsbys subsequently amended their complaint to add the village of Waynesville as a defendant.
After filing answers to the Grigsbys' complaint and amended complaints, and engaging in discovery, the defendants moved for summary judgment on various grounds. The trial court sustained defendants' motions for summary judgment, finding that because there was no evidence presented showing that the sidewalk was defective or unsafe, the Grigsbys failed to establish that the defendants breached a duty owed to them. The trial court further found that even if the curb cut was "considered to be somehow defective," the defendants still owed no duty to the Grigsbys because the curb cut was "open and obvious."
The Grigsbys appeal, raising the following assignment of error:
 "THE COURT BELOW ERRED TO PLAINTIFFS [sic] PREJUDICE WHEN IT GRANTED DEFENDANTS' MOTIONS FOR SUMMARY JUDGEMENT."
The Grigsbys argue the trial court erred in granting summary judgment to defendants on the grounds that the curb cut in the sidewalk was open and obvious. We find this argument unpersuasive.
Summary judgment is properly granted when: (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66.
To establish actionable negligence, a plaintiff must show that defendant owed him a duty, defendant breached that duty, and plaintiff sustained injury as a direct and proximate result of the breach. Menifeev. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. An owner or occupier of premises "* * * owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger."Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203.
However, the owner or occupier is not an insurer of the customer's safety. Id. The owner or occupier of the premises is "under no duty to protect business invitees from dangers `which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" Id., at 203-204, quoting Sidle v. Humphrey (1968) 13 Ohio St.2d 45, paragraph one of the syllabus. This principle is known as the "open and obvious" doctrine. The rationale behind it is that the open and obvious nature of the hazard itself serves as a warning of the danger and allows the owner or occupier to reasonably expect that persons entering the premises will discover the danger and take appropriate measures to guard against it.Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642, 644, 1992-Ohio-42, citing Sidle.
The trial court found that since there was no evidence showing the sidewalk or curb cut was defective or unsafe, there was no evidence that any of the defendants breached a duty owed to the Grigsbys. The trial court also found that even if the curb cut could be considered defective, it was nonetheless open and obvious. We agree with both of the trial court's determinations.
The Grigsbys presented no evidence showing that the sidewalk or curb cut was defective or in disrepair. There were no holes, cracks or potholes in the sidewalk or the curb cut. In her deposition, Mrs. Grigsby acknowledged she previously had seen curb cuts like the one over which she tripped, that one could "reasonably anticipate" the existence of such curb cuts, and that such curb cuts are necessary to provide access to driveways. Therefore, we conclude that because there is no evidence the sidewalk was defective or unsafe, there is no evidence that any of the defendants breached a duty to the Grigsbys.
Furthermore, the photographs submitted in the summary judgment proceedings establish that the curb cut in the driveway was an open and obvious condition. Mrs. Grigsby acknowledged it was a "beautiful day" on the date of her fall, and that she had six to eight feet of space in front of her when she fell. The curb cut was in plain view. To allow a jury to hold the defendants liable would be tantamount to rendering the defendants insurers of the Grigsbys. Accordingly, we conclude the curb cut over which Mrs. Grigsby tripped was open and obvious, and defendants had no duty to protect Mrs. Grigsby from it.
The Grigsbys argue, however, that Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677, 1998-Ohio-602, requires the open and obvious defense to be analyzed in terms of causation, which is to be determined primarily by the trier of fact, rather than in terms of the duty owed, which is to be determined as a matter of law. In support of this assertion, the Grigsbys cite the Eighth Appellate District's decision in Schindler v. Gale's Superior Supermarket, Inc. (2001),142 Ohio App.3d 146. However, this court has already rejected this interpretation of Texler. See Yahle v. Historic Slumber Ltd., Clinton App. No. CA2001-04-015, 2001-Ohio-8667, and Angel v. Kroger Co., Warren App. No. CA2001-07-073, 2002-Ohio-1607. Other courts have rejected it as well. See Armstrong v. Best Buy Co., Lorain App. No. 01CA007848, 2001-Ohio-1934.
The Ohio Supreme Court has determined that a conflict exists betweenArmstrong and Schindler, and has ordered the parties in Armstrong to brief the following issue:
 "Whether Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677 * * *, abrogated the open and obvious doctrine as a complete bar to recovery and instead required that comparative negligence be applied to determine liability?" Armstrong v. Best Buy Co. (2002), 95 Ohio St.3d 1411.
In light of the foregoing, appellants' sole assignment of error is overruled.
Judgment affirmed.
POWELL and YOUNG, JJ., concur.