This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, William and Lori Earnsberger, have appealed from the decision of the Summit County Court of Common Pleas, granting summary judgment to Appellees, Griffiths Park Swim Club and Eastern Pools, Inc. We affirm.
 I.
William and Lori Earnsberger ("Earnsbergers") filed a complaint in negligence against the Griffiths Park Swim Club ("Griffiths Park"), a public swimming facility, and Eastern Pools, Inc. ("Eastern Pools"), a pool maintenance company, for injuries sustained by William Earnsberger ("Earnsberger") while attempting to dive at Griffiths Park. The complaint also included a claim for loss of consortium on behalf of Earnsberger's wife, Lori.
The complaint alleged negligence in maintaining the premises by both Griffiths Park and Eastern Pools and a failure to warn of a change in the condition of the diving board by Griffiths Park. The complaint specifically alleged that when Earnsberger went to jump from the diving board, "the board failed to spring, causing severe injuries to his legs." Griffiths Park and Eastern Pools each filed motions for summary judgment and the trial court granted both motions. The Earnsbergers appealed from that judgment and have assigned one error for review.
 II. Assignment of Error "THE LOWER COURT ERRED IN SUMMARILY DISMISSING THIS CASE BY IGNORING GENUINE ISSUES OF MATERIAL FACT, WEIGHING EVIDENCE AGAINST THE PLAINTIFF/APPELLANT IN DETERMINING PROXIMATE CAUSE AND BY MAKING DETERMINATIONS OF COMPARATIVE AND/OR CONTRIBUTORY FAULT ALL OF WHICH ARE TO BE LEFT TO THE PROVINCE OF THE JURY."
The Earnsbergers contend the trial court erred in granting summary judgment to Griffiths Park and Eastern Pools. We disagree.
In accordance with Civ.R. 56, a court will not grant a summary judgment motion unless it appears from the evidence that (1) there is no genuine issue as to any material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion which is adverse to the nonmoving party. SeeHorton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
An appellate court will review summary judgment de novo. Helton v.Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. Like the trial court, the appellate court must view the facts in the light most favorable to the nonmoving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12. Any doubt must be resolved in favor of the nonmoving party. Id.
The party moving for summary judgment has the initial burden of establishing that there remains no genuine issue of material fact and that they are entitled to judgment as a matter of law as to all issues upon which summary judgment is sought. The burden shifts to the nonmoving party only if this burden is first satisfied. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-293.
A plaintiff alleging negligence must establish that (1) the defendant owed a duty of care, (2) the defendant breached this duty, and (3) the breach was the proximate cause of plaintiff's injury. Mussivand v. David
(1989), 45 Ohio St.3d 314, 318. Whether a duty exists is a question of law for the court. Id.
Evidence before the trial court established the following. On June 9, 1999, an inspector from the Summit County Health Department completed a pre-operation inspection of the premises at Griffiths Park. In his report, the inspector advised Griffiths Park that the "diving board must be fully extended at the fulcrum (minimum bounce)!" In his affidavit, the inspector explained that this adjustment was required in order for the diving board to "be in compliance with State of Ohio regulation."
Griffiths Park then hired Eastern Pools on June 14, 1999, to secure the diving board fulcrum in the farthest forward position pursuant to a recent change in the Ohio Administrative Code and the mandate of the Summit County Health Department. The work was completed on June 17, 1999, and the diving board was subsequently inspected and approved by the county inspector on July 7, 1999.
Earnsberger had frequented the swim club for several years and used the diving board on almost every occasion. He also indicated that he used the diving board in early July without incident. On July 25, 1999, Earnsberger again went to Griffiths Park with his children. There was no posted notice or warning of a change in the condition of the diving board. Earnsberger was swimming with his sons when they decided to dive. Earnsberger first watched one of his sons jump off the diving board, again without incident. Then Earnsberger walked to the end of the diving board, jumped up, and came back down on the board, in stated preparation for a head-first dive. When he came down on the board, he claims, the board "did not give" or have "enough spring" and, as a result, his knee "popped." Earnsberger was subsequently diagnosed with a ruptured patellar tendon.
 A. Griffiths Park
We first consider the Earnsbergers' challenge to the grant of summary judgment to Griffiths Park. The measure of duty owed by the possessors of the premises to the Earnsbergers is dependent upon Earnsberger's status with respect to Griffiths Park on the date of the accident. The parties have agreed that Earnsberger was a business invitee for these purposes. An owner or occupier of premises owes business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition, so that its invitees are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203. A business owner, however, is not an insurer of the invitees' safety. Id. The burden of proving that the particular premises were not in a reasonably safe condition is on the invitee. Rogers v. Sears,72 Ohio App.3d 431, 2002-Ohio-3304, at ¶ 3.
Further, a premises owner is obligated to warn invitees of latent or concealed dangers if the owner knows or has reason to know of hidden dangers. Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 358. However, an owner is under no duty to protect its customers from a dangerous condition which is so obvious and apparent that a customer should reasonably be expected to discover it and protect himself against it. Paschal, 18 Ohio St.3d at 203-204, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45, at paragraph one of the syllabus. The rationale for this so-called "open and obvious" doctrine is that the nature of the hazard serves as its own warning and allows the business owner to reasonably expect others to discover the danger and take appropriate measures to protect themselves. Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644. Invitees then have a corresponding duty to take reasonable precautions to avoid dangers that are patent or obvious.Sidle, 13 Ohio St.2d at paragraph one of the syllabus.
In its motion for summary judgment, Griffiths Park asserted that the diving board did not present an unsafe condition, that Griffiths Park had no notice that the diving board was unsafe, that the diving board had recently been inspected and approved as being in compliance with Ohio regulations, and that there was no latent or concealed danger of which Griffiths Park had a duty to warn invitees.
In response, the Earnsbergers argued that there was no change in the appearance of the diving board which might have given notice of a change and that Earnsberger had been given no warning of a change in the "spring" of the board. They maintained that the question of whether Griffiths Park had a duty to warn Earnsberger of the change in the spring of the board constituted a genuine issue of material fact that precluded summary judgment.
The trial court granted summary judgment to Griffiths Park on the ground that there was no evidence that Griffiths Park failed to maintain its premises in a reasonably safe manner. Further, the trial court found that Griffiths Park did not have a duty to warn patrons that the diving board had less bounce in it because "a diving board presents an open and obvious danger and how much bounce a particular diving board has in it should be determined by the diver before attempting to make a dive."
At the outset, we observe that the Earnsbergers have contended that when the trial court declared that Earnsberger should have determined the amount of bounce in the diving board prior to attempting his dive, the trial court invaded the province of the jury. They contend this is properly a question of comparative negligence and represents an issue of material fact that precludes summary judgment. The Earnsbergers rely uponSchindler v. Gales Superior Supermarket (2001), 142 Ohio App.3d 146, in which the Eighth Appellate District analyzed the open and obvious nature of a hazard in terms of causation instead of the duty owed.
This Court has specifically rejected that approach. We have continued to analyze the open and obvious doctrine in regard to the duty element of a negligence claim.[1] See, e.g., Armstrong v. Best Buy Co., Inc., 9th Dist. No. 01CA007848, 2001-Ohio-1934; Steiner v. Ganley Toyota-MercedesBenz, Inc., 9th Dist. No. 20767, 2002-Ohio-2326. We continue to adhere to that approach in this case.
Therefore, upon review, we agree with the decision of the trial court on both points. First, our de novo review of the record supports the conclusion that there remains no genuine issue of material fact and that reasonable minds could only conclude that Griffiths Park maintained the diving board in a reasonably safe condition. Griffiths Park acted promptly to hire Eastern Pools to adjust the diving board so as to be in compliance with the Ohio Administrative Code and the mandate from the Summit County Health Department. The record evidence indicates that the diving board was properly adjusted prior to the date of Earnsberger's injury. There is no evidence that the diving board was ever out of compliance after that date. Earnsberger admitted that he had used the diving board on another occasion subsequent to the adjustment without incident. Earnsberger's bare assertion that the diving board did not have "enough spring" fails to create a genuine issue of material fact on this point.
Second, in regard to the Earnsbergers' claim that Griffiths Park had a duty to warn of the condition of the diving board, we agree with the trial court's assessment that the nature of the spring or bounce in a diving board is an open and obvious condition. In arriving at that conclusion, we are permitted to assume that "a person of whatever age is able to appreciate the obvious risks incident to any sport or activity in which he may be able to engage with intelligence and proficiency and must act accordingly." Englehardt v. Philipps (1939), 136 Ohio St. 73, 82. Specifically, one who is a proficient swimmer and diver is assumed to know the danger of harm incidental to the use of diving apparatus. Id. These assumptions apply to Earnsberger, as a former lifeguard and frequent visitor of the swim club.
Next, we observe that there are certain dangers inherent in participation in active sports, including diving, that cannot be eliminated. See, generally, Bundschu v. Naffah (2002), 147 Ohio App.3d 105,112-114. Moreover, the mere occurrence of an injury does not give rise to a presumption or inference of negligence. Rogers at ¶ 3. Similarly, the fact that a person falls does not mean that someone else is liable. See Shepherd v. Mt. Carmel Health (Dec. 2, 1999), 10th Dist. No. 99AP-197.
In this case, we find that the nature of the spring or bounce in a diving board is not a "latent or concealed danger." See Jackson,58 Ohio St.2d at 358. Nor is it a "hidden defect or dangerous condition" of which Griffiths Park had a duty to warn invitees. See Mullens v. Binsky
(1998), 130 Ohio App.3d 64, 71. The fact that Earnsberger did not observe the condition before he was injured, does not change the fact that it is open and obvious. Korb v. Northern Lights Shopping Ctr. (Aug. 4, 1998), 10th Dist. No. 97APE11-1504. It is not necessary that the condition at issue is actually discovered; rather, the determinative question is whether it was discoverable or discernible by one who is acting with ordinary care under the circumstances. Parsons v. Lawson Co. (1989),57 Ohio App.3d 49, 50; Potts v. Smith Constr. Co. (1970),23 Ohio App.2d 144, 147-148.
Earnsberger admitted that he had used the diving board two and one-half to three weeks prior to incurring his injury. The use of the diving board on that occasion would have been subsequent to the time that Eastern Pools adjusted the fulcrum. Earnsberger also admitted that he watched his son jump off the diving board just prior to the attempted dive in which he injured himself. He admitted that he sometimes tests a diving board to determine how much spring there is in it, but he did not do so on this occasion. Thus, not only did Earnsberger, a former lifeguard, have the opportunity to observe and perceive the condition of the diving board before his jump, but had he exercised ordinary care in the circumstance, he would have discovered the bounce of the board and could have protected himself from harm therefrom by taking reasonable precautions. See Sidle, 13 Ohio St.2d at paragraph one of the syllabus.
Because there remain no genuine issues of material fact and reasonable minds could only conclude that Griffiths Park did not breach its duty of care to maintain the premises in a reasonably safe condition, and that the condition of the diving board was discernible by any business invitee exercising ordinary due care, the trial court did not err in granting summary judgment to Griffiths Park.
 B. Eastern Pools
We next consider the Earnsbergers' claim that the trial court erred in granting summary judgment to Eastern Pools. The Earnsbergers claimed that Eastern Pools failed to maintain the diving board in a safe condition. In its motion for summary judgment, Eastern Pools asserted that there was no evidence to support a claim of negligence against it. The Earnsbergers offered as evidence of their claim Earnsberger's own assertion, in deposition, that the board did not have "enough spring." Eastern Pools presented documentary evidence establishing that it performed adjustments on the diving board at the request of Griffiths Park and the direction of an inspector of the Summit County Health Department. Furthermore, that work was subsequently inspected and passed upon by the Summit County inspector. The Earnsbergers have presented no evidence that Eastern Pools incorrectly or negligently changed the fulcrum position on the diving board. Nor have the Earnsbergers presented any evidence that the diving board was otherwise negligently maintained.
Consequently, no genuine issues of material fact remain and reasonable minds could only conclude that Eastern Pools did not negligently fail to maintain the diving board in a safe condition. The trial court did not err in granting summary judgment to Eastern Pools.
 III.
The Earnsbergers' sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
SLABY, P.J., WHITMORE, J. CONCUR.
[1] We note that the Ohio Supreme Court has determined that a conflict exists between Armstrong v. Best Buy Co., Inc., 9th Dist. No. 01CA007848, 2001-Ohio-1934, and Schindler v. Gales Superior Supermarket,Inc. (2001), 142 Ohio App.3d 146 on the question of whether Texler v.D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, abrogated the open and obvious doctrine as a complete bar to recovery and instead required that comparative negligence be applied to determine liability. Armstrong v. Best Buy Co., Inc. (2002), 765 N.E.2d 878.