OPINION
Plaintiff-appellant, Joycelain Ward ("appellant"), appeals from the grant of summary judgment by the Lake County Court of Common Pleas in favor of defendant-appellee, Wal-Mart Stores, Inc. ("Wal-Mart"), in a premises liability action.
On March 22, 2000, appellant filed a complaint seeking recovery for injuries she received after falling in Wal-Mart's parking lot. On August 7, 1997, appellant arrived at the Wal-Mart Store in Eastlake in the afternoon, with the intent of shopping at the establishment. Appellant, a frequent patron, tripped on a pothole and fell in the parking lot. At her deposition, appellant averred she was watching for cars, carts, and other pedestrians, as was her usual practice, when she fell in the pothole she described as being "pretty good sized." Appellant stated she twisted her ankle, began to lose her balance, and then stopped and put weight on the ankle, which hurt a little bit. Appellant reported she experienced shooting pains as she walked. Her ankle and knee later began to swell. Appellant stated she did not see the pothole although nothing was obstructing her view of the pavement and the weather was sunny. Appellant admitted the pothole was out in the open. Appellant had not paid attention to the condition of the parking lot on her prior visits, but later noted faded paint markings of some of the other holes in the lot. The trial court granted Wal-Mart's summary judgment motion.
In her assignment of error, appellant argues the trial court erred by disposing of her case by summary judgment based upon the open and obvious doctrine. Appellant contends the Supreme Court of Ohio's holding inTexler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, called for comparative negligence to be applied, not the open and obvious doctrine.
This court will apply a de novo standard of review pursuant to Civ.R. 56. See Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau
(2000), 88 Ohio St.3d 292. In order to sustain an action in negligence, a plaintiff must establish the elements of duty, breach of that duty, and an injury proximately caused by the breach. Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75. A merchant owes patrons upon the premises of a shopping center a duty to exercise ordinary care for their safety, which is the same degree of care exercised by a reasonable and prudent person. Parsons. v. Lawson Co. (1989), 57 Ohio App.3d 49. The merchant must maintain the premises in a reasonably safe condition and warn business invitees of latent or concealed defects of which the merchant has or should have knowledge. Kubiszak v. Rini's Supermarket
(1991), 77 Ohio App.3d 679. However, a merchant is not an insurer of the customer's safety. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203.
The open and obvious doctrine provides that a merchant owes no duty to protect a customer from conditions known to the customer or which are so obvious and apparent that the customer may reasonably be expected to discover them and protect him or herself against them. Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. The open and obvious nature of the hazard itself serves as a warning to the customer. Invitees are expected to discover those dangers and take appropriate measures to protect themselves. Simmers v. Bentley Constr.Co. (1992), 64 Ohio St.3d 642. The mere fact that a person falls doesnot mean that someone else is liable. Why did Ms. Ward fall? By her own admission, she did not pay attention to the condition of the parking lot.
To establish actionable negligence, a plaintiff must show the following: (1) the existence of a duty, (2) a breach of a duty, and (3) an injury proximately resulting therefrom. Texler, 81 Ohio St.3d at 680. In Simmers v. Bentley Contr. Co. (1992), 64 Ohio St.3d 642, 644, the Supreme Court of Ohio stated that pursuant to the "open and obvious" doctrine, "an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property." Therefore, if a hazard is open and obvious, the plaintiff will be unable to demonstrate the existence of a duty on the part of the defendant, and the issues of breach and proximate cause are never reached. The application of the "open and obvious" doctrine in no way relieves the premises owner of his or her duty to warn invitees of any latent defects, as opposed to patent defects.
The appellate courts have debated the viability of the open and obvious doctrine. The Tenth District Court of Appeals continues to apply the open and obvious doctrine, finding that a business owner has no duty to protect an invitee from known dangers. The court reasons that, because the landowner owes no duty, issues of comparative negligence are never reached. Mullens v. Binsky (1998), 130 Ohio App.3d 64. See also Cooperv. Red Roof Inns, Inc. (Mar. 30, 2001), Franklin App. No. 00AP-876, unreported, 2001 Ohio App. LEXIS 1506; Kirk v. Scioto Downs (Feb. 22, 2001), Franklin App. No. 00AP-1087, unreported, 2001 Ohio App. LEXIS 641; Whitelaw v. The Fifty-Five Restaurant Group, Ltd. (Jan. 25, 2001), Franklin App. No. 00AP-668, unreported, 2001 Ohio App. LEXIS 194; Howsonv. Amorose (Nov. 30, 2000), Franklin App. No. 00AP-8, unreported, 2000 Ohio App. LEXIS 5542; Mustric v. Penn Traffic Corp. (Sept. 7, 2000), Franklin App. No. 00AP-277, unreported, 2000 Ohio App. LEXIS 4032.
The Twelfth District Court of Appeals applied the open and obvious doctrine in Hart v. Dockside Townhomes, Ltd. (June 11, 2001), Butler App. No. CA2000-11-222, unreported, 2001 Ohio App. LEXIS 2608. Yet inHayes v. Wendy's Int'l, Inc. (Feb. 16, 1999), Warren App. No. CA98-07-074, unreported, 1999 Ohio App. LEXIS 485, the court discussed comparative negligence under Texler but stated that even so, certain dangers are open and obvious, negating a premises owner's duty of care as a matter of law. Summary judgment would be appropriate if the only conclusion a reasonable trier of fact could reach was that the plaintiff's negligence exceeded fifty percent. See also Ruppelli v. HyperShoppes (Ohio), Inc. (May 3, 1999), Clermont App. No. CA98-10-092, unreported, 1999 Ohio App. LEXIS 2027.
The First District Court of Appeals noted that the Supreme Court of Ohio limited the applicability of the open and obvious doctrine. However, the court declined to decide the issue of the doctrine's viability in Kerr-Morris v. Equitable Real Estate, Invest. Mgt., Inc. (1999), 136 Ohio App.3d 331, because the issue was not raised by the parties.
The Fourth District Court of Appeals applied a hybrid analysis in Allenv. Foxfire Golf Club, Inc. (Sept. 6, 2000), Pickaway App. No. 99CA18, unreported, 2000 Ohio App. LEXIS 4098. The court acknowledged Texler's
holding that the allocation of fault under Ohio's comparative negligence statute is a jury question yet discussed the open and obvious doctrine before determining a question of fact existed regarding whether the location of a cleat cleaner was unreasonably dangerous. The court stated it had to compare the plaintiff's negligence to that of the defendant and decided that the determination was best left to the trier of fact.
The Eighth District Court of Appeals apparently is split on this issue. In Schindler v. Gales Superior Supermarket (2001),142 Ohio App.3d 146, the court compared the requirements of the open and obvious doctrine to the application of comparative negligence principles. The Schindler court rejected the application of the open and obvious doctrine as relieving owner of the premises from the duty to warn of obvious dangers because the owner has an express duty to maintain the premises in a reasonable safe condition. The openness and obviousness of a hazard was to be analyzed not in terms of the duty owed but in terms of causation. Summary judgment would be granted only in those cases where the plaintiff's negligence in disregarding an open and obvious hazard is deemed greater than that of the defendant's negligence in creating the hazard. The issue to be determined becomes "whether a reasonably prudent person should have anticipated that an injury would have resulted and whether the plaintiff used due care for his or her own safety, taking into account all attendant circumstances." Id. at 153-154. See alsoBelleli v. Goldberg Companies, Inc. (Aug. 16, 2001), Cuyahoga App. No. 79061, unreported, 2001 Ohio App. LEXIS 3601. Yet, the court applied the open and obvious doctrine in Bates v. Associated Estates Mgt. Corp. (May 10, 2001), Cuyahoga App. No. 78493, unreported, 2001 Ohio App. LEXIS 2084 and Sheppard v. KAP Realty (Aug. 12, 1999), Cuyahoga App. No. 75860, unreported, 1999 Ohio App. LEXIS 3717.
Texler, supra, does not support the conclusion propounded in Schindler
that the Supreme Court of Ohio has modified the open and obvious doctrine.
In Texler, the Supreme Court of Ohio addressed only the third of the three elements required to establish actionable negligence, proximate cause. The court framed the issue as whether the "appellant had a duty to take due care in observing hazards in her path *** that exceeded [the] appellee's duty to keep dangerous obstructions out of the way of pedestrians." The court assumed the existence of a duty on the part of the appellee, and that appellee had breached that duty. It then examined the issue of proximate cause in terms of comparative negligence. Nowhere in its opinion did the court mention the "open or obvious" doctrine, much less explicitly reject it. Texler in no way limits the "open and obvious" doctrine into a determination of whether the defendant owes a duty to the plaintiff to protect him from a defect in the defendant's premises.
This court applied the open and obvious doctrine after Texler inKornowski v. Chester Properties, Inc. (June 30, 2000), Geauga App. No. 99-G-2221, unreported, 2000 Ohio App. LEXIS 3001, and Donato v. HoneyBaked Ham. Co. (Oct. 29, 1999), Lake App. No. 98-L-200, unreported, 1999 Ohio App. LEXIS 5099. Neither case discussed Texler and its effect on the continued viability of the open and obvious doctrine.
The open and obvious doctrine is a well-established legal principle. The elimination of this long-standing principle will replace clarity with confusion. This principle still has a place in Ohio's tort jurisprudence.
In the instant case, appellant admitted her familiarity with the parking lot. The weather was sunny. Nothing impeded her view of the pothole. Appellant stated it was in the open and large. Appellant's alleged distraction by other people and cars merely describes normal conditions found in most parking lots. Appellant never stated traffic was unusually heavy or close by at the time of the incident. Appellant admitted the hole was large, obvious, and that nothing impeded her view of the defect. In this instance, based upon the facts admitted below, appellant's claim is precluded by the open and obvious doctrine. The trial court did not err by granting summary judgment in favor of Wal-Mart. Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
JUDGE DIANE V. GRENDELL, O'NEILL, P.J., dissents with Dissenting Opinion, NADER, J., concurs.