**SCHINDLER et al., Appellants,**

v.

**GALE'S SUPERIOR SUPERMARKET, INC., d.b.a. Gale's Village Market, Appellee.**

[Cite as *Schindler v. Gale's Superior Supermarket, Inc.* (2001), 142 Ohio App.3d 146.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78421.

Decided April 16, 2001.

*Lester S. Potash,* for appellants.

*Mazanec, Raskin & Ryder Co., L.P.A., John T. McLandrich, Susan E. Rusnak* and *John T. Hanna,* for appellee.

TIMOTHY E. McMONAGLE, Presiding Judge.

Plaintiffs-appellants, Marcia Schindler and her husband, Oswald Schindler, appeal the decision of the Cuyahoga County Common Pleas Court granting the motion for summary judgment filed by defendant-appellee, Gale's Superior Supermarket, Inc., d.b.a. Gale's Village Market. For the reasons that follow, we reverse and remand.

A review of the record reveals that Marcia Schindler ("appellant") went to Gale's Village Market ("Gale's Supermarket") on November 2, 1997, to shop for groceries as she had done on numerous occasions. Near the entrance of the store is a metal rail affixed to the sidewalk for the purpose of keeping shopping carts orderly. As appellant approached the entrance, she tripped over this metal bar and sustained injury.

She thereafter filed a complaint against Gale's Supermarket alleging that its negligence resulted in her injuries. Included in the complaint was a claim for loss of consortium on behalf of appellant's husband, Oswald Schindler. Gale's Supermarket eventually moved for summary judgment on the basis that the metal rail was open and obvious and therefore Gale's Supermarket owed no duty

to appellant. Supporting the motion were excerpts of appellant's deposition wherein she testified that she did not see the rail but would have seen it had she looked down while she was walking. Appellant[1] opposed the motion, asserting that the continued viability of the open-and-obvious doctrine is suspect as a result of the Ohio Supreme Court's recent decision in *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677, 693 N.E.2d 271. The trial court ultimately granted the motion without opinion.

Appellant now appeals and asserts in her sole assignment of error that the trial court improperly granted the motion for summary judgment filed by Gale's Supermarket. Succinctly, she claims that the open-and-obvious doctrine is no longer viable and that *Texler* requires that the relative fault of the parties be resolved using comparative negligence principles, which she further claims is a jury issue precluding summary judgment.

An appellate court reviews a trial court's decision on a motion for summary judgment *de novo*. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 244–245. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, 203–204, citing *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus; see, also, Civ.R. 56(C).

In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that genuine issues of material fact remain as to whether (1) a defendant owed a duty of care, (2) the defendant breached this duty, and (3) the breach was the proximate cause of plaintiff's injury causing damage. *Texler*, 81 Ohio St.3d at 680, 693 N.E.2d at 273–274; *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614; *Menifee v. Ohio Welding Prod., Inc.* (1984), 15 Ohio St.3d 75, 15 OBR 179, 472 N.E.2d 707.

An owner or occupier of property owes a duty of ordinary care to invitees to maintain the premises in a reasonably safe condition so that an invitee is not unreasonably or unnecessarily exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. While a premises owner is not an insurer of its invitees' safety, the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. *Jackson v. Kings Island* (1979), 58 Ohio St.2d

---

1. Both appellants will be collectively referred to as "appellant."

357, 358, 12 O.O.3d 321, 321–322, 390 N.E.2d 810, 812. Invitees likewise have a duty in that they are expected to take reasonable precautions to avoid dangers that are patent or obvious. See *Brinkman v. Ross* (1993), 68 Ohio St.3d 82, 84, 623 N.E.2d 1175, 1177; *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraph one of the syllabus. Whether a duty exists is a question of law for the court to determine. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 269–270.

■ Under the open-and-obvious doctrine, an owner or occupier of property owes no duty to warn invitees of hazardous conditions that are open and obvious. *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504, 506. The rationale behind this doctrine is that the open-and-obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. *Simmers,* 64 Ohio St.3d at 644, 597 N.E.2d at 506.

■ The application of comparative negligence principles, on the other hand, requires the factfinder to apportion the percentage of each party's negligence that proximately caused the plaintiff's damages. See R.C. 2315.19(A)(2). Ordinarily, this is an issue best determined by the jury unless the evidence is so compelling that reasonable minds can reach but one conclusion. *Simmers,* 64 Ohio St.3d at 646, 597 N.E.2d at 507–508. In such a case, summary judgment is appropriate if the only conclusion a reasonable trier of fact could reach is that the plaintiff was over fifty percent negligent so as to bar recovery under comparative negligence principles. See, *e.g., Hayes v. Wendy's Internatl., Inc.* (Feb. 16, 1999), Warren App. No. CA98–07–074, unreported, 1999 WL 74602; see, also, *Basar v. Steel Serv. Plus* (Apr. 27, 2000), Cuyahoga App. No. 77091, unreported, 2000 WL 502875 (McMonagle, J., concurring); *Wilson v. PNC Bank, N.A.* (May 5, 2000), Hamilton App. No. C–990727, unreported, 2000 WL 543813 (Painter, J., concurring in judgment only).

Appellant urges this court to find that the open-and-obvious doctrine is no longer viable in light of *Texler,* 81 Ohio St.3d 677, 693 N.E.2d 271. In that case, plaintiff was injured when she tripped over a concrete-filled bucket that had propped a door open. Finding that reasonable minds could differ as to the allocation of negligence between the parties, the *Texler* court reasoned:

"The legal issue presented here is whether a reasonably prudent person would have anticipated that an injury would result from walking normally on that sidewalk. This court has held that '[a] pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward * * *.' (Citations omitted.) This care requires a pedestrian 'to use his senses to

avoid injury while walking on a sidewalk, but this does not mean that he is required as matter of law to keep his eyes upon the sidewalk at all times. It may be necessary to keep a lookout for traffic and other pedestrians to avoid collision.'" (Citations omitted.)

Continuing, the court stated "that the question of whether the contributory negligence of a plaintiff is the proximate cause of the injury is an issue for the jury to decide pursuant to the modern comparative negligence provisions of R.C. 2315.19(A)(1)." *Id.* at 681, 693 N.E.2d at 274.

Indeed, several courts have relied on this language as support in limiting the applicability of the open-and-obvious doctrine, and this court is no exception. See *Burks v. Marc Glassman, Inc.* (Nov. 16, 2000), Cuyahoga App. No. 76676, unreported, 2000 WL 1714956 (refused to apply open-and-obvious doctrine to completely absolve defendant of any duty and instead found that the issue was one of comparative negligence to be determined by a jury); *Riley v. Wendy's Internatl., Inc.* (Apr. 29, 1999), Cuyahoga App. No. 73996, unreported, 1999 WL 258187 (whether plaintiff's attention was diverted from perceiving pothole was a question of fact to be decided by jury under comparative negligence principles); *Stark v. Glenmoor Prop. Ltd.* (Oct. 15, 1998), Cuyahoga App. No. 73474, unreported, 1998 WL 723175 (whether plaintiff was negligent in not perceiving hole is a question of fact to be decided by jury under principles of comparative negligence); see, also, *Kerr–Morris v. Equitable Real Estate Invest. Mgt.* (1999), 136 Ohio App.3d 331, 334, 736 N.E.2d 552, 555 (dicta suggests that the open-and-obvious doctrine "has lost its fundament after the advent of comparative negligence"); *Allen v. Foxfire Golf Club, Inc.* (Sept. 6, 2000), Pickaway App. No. 99CA18, unreported, at 12, 2000 WL 1281210 (plaintiff's negligence to be compared to the negligence of defendant in creating possible hazard); *Leis v. Dayton Med. Imaging II, Ltd.* (July 30, 1999), Montgomery App. No. 17684, unreported, at 9, 1999 WL 960765 (reasonable minds could differ over the proper distribution of negligence between the parties); *Wehrle v. ABC Supply Co.* (Feb. 26, 1999), Hamilton App. No. C–980476, unreported, at 5, 1999 WL 94642 (question of fact as to whether plaintiff's comparative negligence was the proximate cause of his injury and should be decided by a jury under comparative negligence provisions of R.C. Chapter 2315); *Hayes v. Wendy's Internatl., Inc.* (Feb. 16, 1999), Warren App. No. CA98–07–074, unreported, at 9, 1999 WL 74602 (trier of fact to make determination under comparative negligence statute whether plaintiff has some culpability); *Lovejoy v. Sears, Roebuck & Co.* (June 19, 1998), Lucas App. No. L–98–1025, unreported, at 15, 1998 WL 351876 (whether the comparative negligence of plaintiff is the proximate cause of plaintiff's injuries is a jury issue to be decided according to statutory comparative negligence provisions).

Gale's Supermarket, on the other hand, contends that the open-and-obvious doctrine survived the enactment of the comparative negligence statute and, in

particular, relies on the Ohio Supreme Court's ruling in *Simmers v. Bentley Constr.*, 64 Ohio St.3d 642, 597 N.E.2d 504 as its support that the two co-exist despite the lack of uniform application. "[S]ince Ohio enacted the comparative negligence statute, R.C. 2315.19, courts must carefully distinguish between a defendant's duty of care and a plaintiff's contributory negligence." *Id.* at 644, 597 N.E.2d at 506, fn. 2. Notwithstanding appellant's argument to the contrary, this court and other courts across the state have applied the open-and-obvious doctrine to absolve a property owner of any duty to warn of a hazard considered to be open and obvious despite the Ohio Supreme Court's ruling in *Texler*. See, e.g., *Nutoves v. McDonald's Restaurant* (May 11, 2000), Cuyahoga App. No. 77356, unreported, 2000 WL 573175 (defendant had no duty to protect plaintiff from open-and-obvious oil spill in parking lot); *Basar v. Steel Serv. Plus* (Apr. 27, 2000), Cuyahoga App. No. 77091, unreported, 2000 WL 502875 (defendant had no duty to protect plaintiff from open-and-obvious debris cluttering working area); *Sheppard v. KAP Realty* (Aug. 12, 1999), Cuyahoga App. No. 75860, unreported, 1999 WL 608797 (defendant had no duty to warn of open-and-obvious pothole); *Zaslov v. May Dept. Stores Co.* (Oct. 1, 1998), Cuyahoga App. No. 74030, unreported, 1998 WL 686266 (pothole open and obvious negating duty to warn); see, also, *Ashbaugh v. Family Dollar Stores* (Jan. 20, 2000), Highland App. No. 99CA11, unreported, 2000 WL 146391; *Hudak v. Valleyaire Golf Club, Inc.* (Nov. 22, 2000), Medina App. No. 3010–M, unreported, 2000 WL 1732401; *Howson v. Amorose* (Nov. 30, 2000), Franklin App. No. 00AP–8, unreported, 2000 WL 1753112.

Thus, those courts continuing to adhere to the open-and-obvious doctrine's continued viability in light of the enactment of the comparative negligence statute do so on the basis that the open-and-obvious nature of a particular hazard negates any duty a defendant owed a plaintiff. Without any duty owed, the issue of causation is never reached and, thus, comparative negligence principles need never be applied. See *Anderson v. Ruoff* (1995), 100 Ohio App.3d 601, 604, 654 N.E.2d 449, 451; *Orens v. Ricardo's Restaurant* (Nov. 14, 1996), Cuyahoga App. No. 70403, unreported, at 13–15, 1996 WL 661024; see, also, *Stetzy v. Mullen* (Apr. 9, 1998), Cuyahoga App. No. 72270, unreported, 1998 WL 166157; *Voelker v. Marc Glassman, Inc.* (July 24, 1997), Cuyahoga App. No. 71999, unreported; *Baith v. CWP L.P.* (Dec. 12, 1996), Cuyahoga App. No. 70511, unreported, 1996 WL 715499.

Other courts, including this court, have found it to be a question of fact as to whether a hazard is open and obvious and therefore the premises owner owes no duty to warn. *Riley v. Wendy's Internatl., Inc.* (Apr. 29, 1999), Cuyahoga App. No. 73996, unreported, 1999 WL 258187; *Ohlin v. Sears, Roebuck & Co.* (June 13, 2000), Mahoning App. No. 99 C.A. 13, unreported, 2000 WL 816891; *Schuley v. Consolidated Stores Corp.* (Mar. 24, 2000), Mahoning App. No. 98 C.A. 138,

unreported, 2000 WL 310547; *Wehrle v. ABC Supply Co.* (Feb. 26, 1999), Hamilton App. No. C–980476, unreported, 1999 WL 94642. The existence of a duty, however, is a question of law, not fact. See *Mussivand v. David,* 45 Ohio St.3d at 318, 544 N.E.2d 265, 269–270. Because at the present the open-and-obvious doctrine correlates to the duty owed to an invitee, it seems contrary to law to have its application determined by the trier of fact.

Obviously, the time has come for there to be some consistency in the manner with which the courts analyze and interpret these cases, and this court and author are not exempt from this conclusion. To continue this multifarious analysis will only propagate the haphazard results evidenced above.

Because the *Texler* decision is the most recent pronouncement from the supreme court on this issue, its admonitions should not be lightly taken. Indeed, when analyzed in terms of the duty owed, I find the doctrine questionable because it rests on a legal fiction in that it relieves the premises owner of the duty to warn. See *Basar v. Steel Service Plus* (Apr. 27, 2000), Cuyahoga App. No. 77091, unreported, at 12, 2000 WL 502875 (McMonagle, J., concurring). To say that a claim is barred because the defendant owed the plaintiff no duty to warn him of the danger is to disregard an express duty on the part of the premises owner to maintain the premises in a reasonably safe condition. *Id.* at 22. With this in mind, this court is of the opinion that the time has come to analyze the openness and obviousness of a hazard not in terms of the duty owed but rather in terms of causation.

■ The issue of a plaintiff's negligence in disregarding or failing to perceive an obvious hazard seems particularly suited to consideration under a comparative negligence standard. Reiterating, to automatically relieve a defendant of all responsibility under the fictitious theory that he was never under a duty to begin with does not comport with the premises owner's duty to maintain the premises in a reasonably safe condition. When analyzed in terms of causation, the application of the doctrine would effect the same result as it would if analyzed under the duty element if the plaintiff's negligence in causing the injury is found to be greater than the negligence of the defendant. *Id.* Summary judgment, therefore, should be granted only on the grounds that the hazard was open and obvious when the plaintiff's negligence in disregarding the hazard is deemed greater than that of the defendant's negligence in creating the hazard. "If the percentage of the negligence or implied assumption of the risk that is attributable to the complainant * * * is greater than the total of the percentages of the negligence that is attributable to all parties from whom the complainant seeks recovery * * * the court shall enter judgment in favor of those parties." R.C. 2315.19(C).

Analyzed in this manner, the legal issue in cases such as these becomes whether a reasonably prudent person should have anticipated that an injury

would have resulted and whether the plaintiff used due care for his or her own safety, taking into account all attendant circumstances. In this case, appellant testified at her deposition that she was walking towards the entrance when she tripped over the metal rail. There was no evidence to support that the rail was covered in any way so as to obstruct her view but rather that she just did not see the metal rail because she was looking straight ahead and not down at the ground. Had she done so, she admits, she would have seen the rail and possibly avoided injury. Appellant's duty to use care, however, does not require her to constantly look downward. See *Grossnickle v. Germantown* (1965), 3 Ohio St.2d 96, 32 O.O.2d 65, 209 N.E.2d 442, paragraph two of the syllabus; see, also, *Texler*, 81 Ohio St.3d at 681, 693 N.E.2d at 274–275. Visibility of the metal rail, while important, is only one of several attendant circumstances to be considered.

Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion. *Hitchens v. Hahn* (1985), 17 Ohio St.3d 212, 213–214, 17 OBR 447, 447–449, 478 N.E.2d 797, 798–799; *Shinaver v. Szymanski* (1984), 14 Ohio St.3d 51, 471 N.E.2d 477. Hence, " 'issues in a negligence case should be withdrawn from a jury in only exceptional cases and never when the facts concerning the conduct of the parties as well as the standard of care that should be exercised are to be determined.' " *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 284, 21 O.O.3d 177, 178–179, 423 N.E.2d 467, 469, quoting *Di Egidio v. Kealy* (Ohio App.1959), 162 N.E.2d 171, 173.

The documentary evidence supporting Gale's Supermarket's motion for summary judgment is not so compelling that reasonable minds could reach but one conclusion. The record lacks specificity as to the location and dimensions of the metal rail as well as its position in relation to the entrance door so as to conclusively determine that Gale's is entitled to judgment in its favor as a matter of law. Consequently, it was error for the trial court to grant Gale's motion for summary judgment because the record did not establish as a matter of law that Gale's was not negligent or that appellant was barred from recovery under principles of comparative negligence.

Appellant's sole assignment of error is well taken and is sustained.

Reversed and remanded.

*Judgment reversed*
*and cause remanded.*

JAMES J. SWEENEY, J., concurs.

DYKE, J., concurs in judgment only.