I must respectfully dissent. I believe that the time to abandon the legal fiction of an "open and obvious" hazard has arrived. If the hazard were so open and obvious, how then did Ms. Ward fall? Years ago, Ohio abandoned another anachronism of measuring negligence, prior to comparative negligence, when it abolished the "two-inch rule." Somehow negligence was refuted as a matter of law when you measured whether a crack in a sidewalk was or was not worthy of judicial notice. The theory went — if you fell and broke a bone on an uneven piece of pavement that was less than two inches high, it was your fault and no recovery could be had. But if the crack in the sidewalk was over two inches, well then a jury could be impaneled to apportion negligence between the clumsy pedestrian and the negligent property owner. Such a proposition, while considered quaint by today's standards of negligence, is really only a precursor to the open and obvious rule.
In abandoning the formulaic two-inch rule, the Supreme Court of Ohio inCash v. Cincinnati held:
 "A pedestrian who approaches such an intersection necessarily has his attention diverted by traffic signal lights, by surrounding vehicular traffic, and by other pedestrian traffic along the same walkway. These conditions would tend to increase the danger of such a defect in this location. The trial court correctly left to the jury the factual issue of Mrs. Cash's reasonable anticipation of these conditions.
 "*** Again, the reasonable anticipation of Mrs. Cash of this aggravating condition was an issue properly left to the jury.
 "Furthermore, the depression in the present cause was 12 to 14 inches wide and traversed at least three feet of the crosswalk. Such a depression in a crosswalk can hardly be called trivial as a matter of law, even though somewhat less than two inches in depth."[*]
 The open and obvious fiction flies directly in the face of the doctrine of comparative negligence, which is the law today.
[*] Cash v. Cincinnati (1981), 66 Ohio St.2d 319, 324-325.
As stated by the Eighth District Court of Appeals, "[t]his court has held that `(a) pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward ***.' (Citations omitted.)"[1]
The Cuyahoga County Court of Appeals was merely following the lead of the Supreme Court of Ohio, which has unequivocally stated that that the duty of care of a pedestrian is to "`use his senses to avoid injury while walking on a sidewalk, but this does not mean that he is required as a matter of law to keep his eyes upon the sidewalk at all times. It may be necessary to keep a lookout for traffic and other pedestrians to avoid collision.'"[2]
The appellant in this matter testified that while watching for "cars, carts and other pedestrians" she fell into a good-sized pothole which she did not see. I do not know if she was negligent in creating her own fall; and I do not know if the store was negligent in permitting this particular hazard to exist on its property. But, I do know that a jury would be more than capable of applying these facts to Ohio's comparative negligence statute and coming up with the right answer.
The time to abandon the open and obvious doctrine has arrived.
[1] Schindler v. Gale's Superior Supermarket, Inc. (2001),142 Ohio App.3d 146, 150.
[2] Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 681, quoting Griffin v. Cincinnati (1954),162 Ohio St. 232, 238.