This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Homer and Rosalie Steiner appeal from the trial court's entry of summary judgment in favor of Ganley Toyota-Mercedes Benz, Inc. ("Ganley"). This Court affirms.
On December 2, 1998, Homer brought his motor vehicle to Ganley for a free thirty day oil change and service. Thereafter, Homer slipped and fell on the waiting room floor, injuring his right leg and shoulder.
The Steiners sued Ganley, seeking damages for Homer's injuries and Rosalie's lack of consortium. Ganley answered and moved for summary judgment. After the Steiners responded, and Ganley replied, the trial court granted Ganley's motion.
The Steiners have timely appealed, asserting one assignment of error.
 ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS."
The Steiners contend that the trial court erred in granting Ganley summary judgment because a genuine issue of material fact exists as to whether the wet waiting room was an unavoidable hazard, thereby breaching the duty to maintain the premises in a reasonably safe condition. This Court disagrees.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue of material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
An appellate court's review of a lower court's entry of summary judgment is de novo, and, like the trial court, it must view the facts in the light most favorable to the non-moving party. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. If the moving party meets this burden of proof, the burden then shifts to the non-moving party, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Id.; Civ.R. 56(E).
A plaintiff alleging negligence must prove that the defendant owed plaintiff a duty, that the defendant breached the duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty. Mussivand v. David (1989), 45 Ohio St.3d 314, 318. Whether a duty exists is a question of law for the court. Id.
It is undisputed that Homer was a business invitee for all purposes pertinent to this appeal. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, an owner is under no duty to protect its customers from known dangers or dangers which are so obvious and apparent that a customer should reasonably be expected to discover them and protect himself from them. Id. at 203-204. See, also, Sidle v.Humphrey (1968), 13 Ohio St. 45, paragraph one of the syllabus. The rationale behind this doctrine is that the open and obvious nature of the hazard itself serves as a warning, and allows the owner to reasonably expect others to discover the danger and take appropriate actions to protect themselves. Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644.
The critical question presented in the instant appeal is whether the water on the floor of Ganley's waiting room constituted an open and obvious danger. Ganley in its motion for summary judgment argued that Homer testified at deposition that he knew the waiting room floor was wet, and observed sets of wet footprints upon the waiting room floor. Homer himself also tracked water into the waiting room after dropping his car off in the service area which was wet from a Ganley employee washing another car. Despite his observations, Homer attempted to traverse the floor to dispose of his coffee cup and candy bar wrappers and slipped and fell on the wet floor. In his response, Homer further argued the foregoing facts raised in Ganley's motion, but argued that he did not voluntarily subject himself to the open and obvious hazard of the wet waiting room floor. Homer argued that there was no viable alternative from the service area, where cars were being washed and the floor was wet, than to proceed down a hallway to the waiting room and its wet floor. The water from the service area was being tracked into the waiting room area by other patrons and Ganley employees. Homer concluded in his motion that he had no choice but to walk upon the wet waiting room floor, thereby rendering summary judgment based upon the open and obvious hazard doctrine inappropriate.
Homer cannot recover for an injury caused by an open and obvious hazard. In Homer's deposition, a telling exchange occurred:
"Q. And do you know, sir, what you slipped on?
"A. I slipped on water. I am positive of it.
"Q. And how are you positive of that?
 "A. Because I had seen the water there prior, you know, several times already there."
Having observed the hazard, Homer willingly subjected himself to the wet waiting room floor. Before he slipped, Homer had noted that the floor was wet in the waiting room and carefully traversed it without incident. Where a condition is patent or obvious, the business invitee is expected to protect himself, unless the condition is unreasonably dangerous.Sidle, supra, at paragraph one of the syllabus. The material facts not being in contest, and with Homer's recognition of the waiting room floor as wet before he traversed it, a fact conceded by both parties, the grant of summary judgment for Ganley was appropriate in the instant case.
Lastly, the Steiners have argued that the open and obvious doctrine is no longer viable as an absolute bar to recovery, and has been replaced by comparative negligence. See Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677; Schindler v. Gales SuperiorSupermarket, Inc. (2001), 142 Ohio App.3d 146. This Court has recently reviewed and rejected this line of argument, concluding that the open and obvious doctrine is properly analyzed against the duty element of negligence, which must be established before the comparative negligence issue is ever reached. Armstrong v. Best Buy Inc. (Dec. 12, 2001), 9th Dist. No. 01CA007848.
The Steiners' assignment of error is overruled. Judgment affirmed.
BATCHELDER, J. CONCURS, CARR, J. CONCURS IN JUDGMENT ONLY