OPINION
{¶ 1} Plaintiff-appellant Louise Akers appeals from the November 16, 2001, Judgment Entry of the Fairfield County Court of Common Pleas dismissing her complaint with prejudice.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On or about July 18, 1998, appellant was attending a dinner party at the Lenox Inn. When appellant entered the restroom with a friend, she saw a crack in the ceramic tile floor approximately the size of her little finger which extended the length of the restroom floor. After appellant turned to reach for the paper towels after washing her hands, her heel caught in the crack, causing appellant to fall.
{¶ 3} Subsequently, appellant filed a complaint against appellees Lenox Inn and Noble Inns, Ltd.[1] (hereinafter "appellees"). On August 21, 2001, appellees filed a Motion for Summary Judgment, alleging that the alleged crack in the floor was an open and obvious condition and that, therefore, appellees owed no duty to appellant and were entitled to judgment as a matter of law. After appellant, on September 6, 2001, filed a memorandum in opposition to appellees' Motion for Summary Judgment, appellees filed a reply brief.
{¶ 4} Thereafter, as memorialized in a Memorandum of Decision filed on November 2, 2001, the trial court granted appellees' Motion for Summary Judgment, finding that appellees owed no duty to appellant since "[i]n this matter, it is clear that the crack in the floor was an open and obvious danger, and that more important, the Plaintiff admits that she actually saw the danger and proceeded to become tangled in that open and obvious danger." The trial court, in its decision, ordered appellee's counsel to prepare the final judgment entry. Thereafter a Judgment Entry dismissing appellant's case with prejudice was filed on November 16, 2001.
{¶ 5} It is from the trial court's November 16, 2001, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED IN DETERMINING THAT THE NATURE OF THE HAZARD WHICH CAUSED APPELLANT'S INJURY WAS "OPEN AND OBVIOUS" AND THEREFORE EXEMPT FROM A FINDING OF CONTRIBUTORY NEGLIGENCE."
 I
{¶ 7} In her sole assignment of error, appellant argues that the trial court erred in granting appellees' Motion for Summary Judgment. Appellant specifically contends that the trial court erred in finding that the danger to appellant was "open and obvious" and therefore "negate[d] the owner occupier's duty" to appellant.
{¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part:
 {¶ 9} Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
{¶ 10} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial.Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164, (citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264). It is based upon this standard that we review appellant's assignment of error.
{¶ 11} Appellant, in this matter, does not argue that the crack was not open and obvious. Rather, appellant argues in her sole assignment of error, that the open and obvious doctrine is of questionable continued viability in light of the comparative negligence statute and recent case law and that, for such reason, a material issue of fact exists as to the amount of negligence that must be assigned each party. Appellant cites this court to appellate districts that have limited or abandoned the open and obvious doctrine in favor of a comparative negligence analysis. See, e.g. Schindler v. Gales SuperiorSupermarket (2001), 142 Ohio App.3d 146, 153, 754 N.E.2d 298 (relying upon Texler v. D.O. Summers Cleaners Shirt Laundry Company,81 Ohio St.3d 677, 681, 1998-Ohio-602, 693 N.E.2d 271); Belleli v.Goldberg Cos., Inc. (Aug. 16, 2001), Cuyahoga App. No. 79061.
{¶ 12} However, this Court has continued to recognize the validity of the open and obvious doctrine. See Mendell v. Wilson, Stark App. No. 2001CA00258, 2002-Ohio-1003; Baughman v. Park Lanes, Inc., (July 9, 2001), Richland App. No. 00-CA-94, and Olson v. Wilfong Tire, Knox App. No. 01CA08, 2002-Ohio-2522. We find that the open and obvious doctrine remains the law of Ohio. Previously, the Ohio Supreme Court recognized the validity of the open and obvious doctrine. E.g., Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, 233 N.E.2d 589. The Ohio Supreme Court has not overruled any previous authority on such doctrine.
{¶ 13} Appellant's argument that the open and obvious doctrine is no longer viable is based, in part, on Texler v. D.O. Summers Cleaners Shirt Laundry Company, 81 Ohio St.3d 677, 1998-Ohio-602, 693 N.E.2d 271. The plaintiff in Texler was injured when she tripped and fell over a bucket filled with concrete blocks which the defendant was using to prop open a door. The door and the bucket blocked a portion of a sidewalk along the side of defendant's business. A jury found that the defendant was one hundred percent negligent and that the negligence was a proximate cause of plaintiff's injuries. The trial court denied the defendant's motion for judgment notwithstanding the verdict and motion for new trial. The Cuyahoga County Court of Appeals reversed the trial court, entered judgment for the defendant and held, as a matter of law, that the plaintiff "had a duty to take due care in observing hazards in her path (to `watch her step' in effect) that exceeded defendant's duty to keep dangerous obstructions out of the way of pedestrians." Texler,81 Ohio St.3d at 680. The Ohio Supreme Court, in reversing the Court of Appeals, cited some of its previous decisions that had stated that a pedestrian on a public sidewalk is not required to look constantly downward. Id. at 680-681. The Ohio Supreme Court concluded that reasonable minds could differ as to the proper distribution of negligence between the parties, that there was adequate evidence that the plaintiff was taking the proper amount of care to avoid obstructions, that the defendant was one hundred percent negligent, and that the defendant's negligence caused the accident.
{¶ 14} To establish actionable negligence, a plaintiff must show the following: (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. Texler,81 Ohio St.3d at 680. In Texler, the Ohio Supreme Court addressed the third element required, proximate cause, and examined the issue of proximate cause in terms of comparative negligence. Ward v. Wal-mart Stores, Inc., Lake App. No. 2000-L-171, 2001-Ohio-4041; In accord, Armstrong v. Best BuyCompany, Inc., Lorain App. No. 01CA007848, 2001-Ohio-1934 (motion to certify conflict granted (April 4, 2002), 95 Ohio St.3d 1411).[2] The open and obvious doctrine concerns the first element of negligence, existence of a duty. The open and obvious doctrine provides that "[a]n occupier of a premises is under no duty to protect a business invitee against dangers which are known to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of syllabus. Texler
neither discusses the open and obvious doctrine nor overrules any case law supporting the open and obvious doctrine. Thus, it is not clear from Texler that the Ohio Supreme Court is no longer recognizing the open and obvious doctrine. The Ohio Supreme Court, in Texler, may only have been finding that, in the limited factual circumstance before it, the bucket propping open the door was not the kind of obstacle that was so apparent a person reasonably could have been expected to discover it and protect oneself against it. In other words, the Ohio Supreme Court may have simply found that the obstacle was not open and obvious. While this Court recognizes that the appellate districts are split on this issue, this Court continues to recognize the viability of the open and obvious doctrine and has done so recently. See Olson v. Wilfong Tire, supra.
{¶ 15} Based on the foregoing, we find that the trial court did not err in granting appellees' Motion for Summary Judgment since, as set forth above, the "open and obvious doctrine" bars recovery by appellant in this matter.
{¶ 16} Appellant's sole assignment of error is, therefore, overruled.
{¶ 17} Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.
By EDWARDS, J. HOFFMAN, P.J. dissents WISE, J. concurs
 JUDGMENT ENTRY
{¶ 18} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs to appellant.
[1] Noble Inns, Ltd. does business as Lenox Inn.
[2] The Ohio Supreme Court found that a conflict existed on the following issue: whether Texler v. D.O. Summers Cleaners and ShirtLaundry Co., 81 Ohio St.3d 677, 1998-Ohio-602, 693 N.E.2d 271, abrogated the open and obvious doctrine as a complete bar to recovery and instead required that comparative negligence be applied to determine liability?"