OPINION
{¶ 1} This is an appeal from a Summary Judgment issued by the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts in this case indicate that appellant was a business invitee of appellee.
 {¶ 3} On July 22, 1999 an exercise tension ball located in one of appellee's aisles had broken with its contents, either sand or gel, spilling onto the floor. Appellee was notified of this occurrence. Employee Brindock mopped the floor. "Wet caution" signs were placed at each end of the aisle.
 {¶ 4} Appellant became aware of the prior occurrence when she approached the aisle of Mrs. Brindock to make an inquiry. The latter was stocking shelves in the location where she had previously cleaned the floor and waived to appellant to come to her.
 {¶ 5} Appellant did not observe any substance on the floor but became aware of its slippery condition at such site when she noticed the clerk slip.
 {¶ 6} Appellant proceeded to the dairy location and, during this travel noticed something on her sandal.
 {¶ 7} As appellant attempted to obtain a carton of milk, she fell, injuring her knee.
 {¶ 8} After suit was commenced, appellee filed a motion for Summary Judgment. Appellant responded and a reply by appellee followed with the motion sustained.
 ASSIGNMENT OF ERROR {¶ 9} The sole Assignment of Error is:
 I. {¶ 10} "THE TRIAL COURT COMMITTED ERROR TO THE DETRIMENT OF APPELLANT IN GRANTING THE SUMMARY JUDGMENT MOTION IN FAVOR OF APPELLEE DUE TO AN INACURATE [SIC] INTERPRETATION OF THE OHIO SUPREME COURT 1998 DECISION IN TEXLER V. D.O. SUMMERS CLEANERS SHIRT LAUNDRY CO. (1998), 81 Ohio St. 3rd, 677."
 I. {¶ 11} Civil Rule 56(C) states, in pertinent part:
 {¶ 12} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 13} There is much discussion in each brief as was contained in Judge Brown's Judgment Entry in sustaining appellee's Motion for Summary Judgment as to whether the ruling in Texler v. D.O. Summers Cleaners andShirt Laundry Company (1998), 81 Ohio St.3d 677 obviated the long standing doctrine of "open and obvious".
 {¶ 14} Under the open and obvious doctrine, an owner or occupier of property owes no duty to warn invitees of hazardous conditions that are open and obvious.
 {¶ 15} The rationale behind this doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d at 644.
 {¶ 16} This Court considered the varying opinions of the appellate decisions in Olson v. Wilfong Tire (2002), 2002WL927365, 2002-Ohio-2522 which stated:
 {¶ 17} "* * *
 {¶ 18} "Appellant cites this court to appellate districts that have limited or abandoned the open and obvious doctrine in favor of a comparative negligence analysis. See, e.g. Schindler v. Gales Superior Supermarket (Apr. 16, 2001), 142 Ohio App.3d 146, 153
(Eighth Appellate District) (relying upon Texler v. D.O. Summers Cleaners Shirt Laundry Company
(1998), 81 Ohio St.3d 677, 681); McGowan v. St. Antoninus Church (April 6, 2001), Hamilton App. No. C-000488, unreported, 2001 WL 331931 (First Appellate District); Lovejoy v. Sears, Roebuck Company
(June 19, 1998), Lucas App. No. L-98-1025, unreported, 1998 WL 351876 (Sixth Appellate District).
 {¶ 19} "This court has continued to recognize the validity of the open and obvious doctrine. See Mendell V. Wilson (March 4, 2002), Stark App. No. 2001CA00258, unreported, 2002 WL 358684; Baughman v. Park Lanes, Inc. (July 9, 2001), Richland App. No. 00-CA-94, unreported, 2001 WL 1772933. We find that the open and obvious doctrine remains the law of Ohio. Previously, the Ohio Supreme Court recognized the validity of the open and obvious doctrine. e.g., Sidle v. Humphrey (1968), 13 Ohio St.2d 45. The Ohio Supreme Court has not overruled any previous authority on the open and obvious doctrine. "Appellants' argument that the open and obvious doctrine is no longer viable is based on Texler v. D.O. Summers Cleaners Shirt Laundry Company (1998), 81 Ohio St.3d 677."
 {¶ 20} Such decision further concluded:
 {¶ 21} "* * *
 {¶ 22} "Texler does not discuss the open and obvious doctrine nor overrule any case law supporting the open and obvious doctrine. It is not clear from Texler that the Ohio Supreme Court is no longer recognizing the open and obvious doctrine. The Ohio Supreme Court may only have been finding that, in the limited factual circumstance before it, the bucket propping open the door was not the kind of obstacle that was so apparent a person reasonably could have been expected to discover it and protect oneself against it. In other words, the Ohio Supreme Court may have simply found that the obstacle was not open and obvious. While this Court recognizes that the appellate districts are split on this issue, this Court continues to recognize the viability of the open and obvious doctrine."
 {¶ 23} Now, with this ruling in mind, we must now examine the facts before the Court in this ruling.
 {¶ 24} The ultimate issue is whether the "open and obvious" doctrine is applicable.
 {¶ 25} In the case sub judice, as stated, a customer had provided notice to appellee of the contents of an exercise ball having been spilled in the aisle. Appellee's employees placed warning signs at each end of the aisle, not at the spill location. One of such employees swept and mopped the spill.
 {¶ 26} According to appellant, such employee was stocking shelves in the vicinity of the spill. Upon inquiry by appellant, the clerk waived her into the spill zone. Again, pursuant to appellant's deposition, she saw nothing on the floor but noticed the clerk slipping.
 {¶ 27} A jury could determine that negligence of appellee occurred when appellant was invited into a danger zone in which the spill had not been obviated.
 {¶ 28} This is not an "open and obvious" situation as was the issue in Texler, Olson and the other referenced cases.
 {¶ 29} While it is true, as stated by Judge Brown that appellee owed a duty to appellant as a business invitee of ordinary care[1], a jury question was presented as to the violation of such duty.
 {¶ 30} The first appearance of a slippery substance affecting appellee was noted on her sandal as she approached the dairy counter.
 {¶ 31} Appellee argues that appellant proceeded negligently by not removing such footwear and cleaning it.
 {¶ 32} It can be concluded perhaps that negligence on the part of appellant occurred.
 {¶ 33} However, it can also be concluded that by the invitation into the zone of danger known to appellee, negligence and the violation of the duty of ordinary care occurred.
 {¶ 34} We therefore conclude that the facts require the applicability of the comparative negligence statute (R.C. § 2315.19) rather than that of Summary Judgment as a jury determination is needed.
 {¶ 35} The Assignment of Error is sustained based upon the conclusions herein.
 {¶ 36} This cause is reversed and remanded for further proceedings in accordance herewith.
By: Boggins, J., Gwin, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Stark County Court of Common Pleas is reversed and remanded. Costs to appellee.
[1] J.C. Penny Co. Inc. v. Robinson (1934), 128 Ohio St. 626.