{¶ 21} Although I agree with the judgment of the majority, I disagree with the reasoning employed. I, therefore, concur in judgment only and write separately to address my reasons for doing so. I, along with my colleagues, set the framework for reanalyzing the open and obvious doctrine in Schindler v. Gale'sSuperior Supermarket (2001), 142 Ohio App.3d 146. We accepted the praise for being "forward thinking" and weathered the criticisms that we were abandoning a well-established legal principle that would "replace clarity with confusion."[1]
Alas, the Supreme Court of Ohio, agreeing with the critics, overruled Schindler in Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573. So much for progressive thinking in this "modern era of comparative negligence." See Armstrong v.Best Buy Co., Inc., 2003-Ohio-2573, at ¶ 17 (Pfeifer, J., concurring in part and dissenting in part). In any event, I have literally lived with Schindler and suffered through its demise. I am, therefore, keenly aware of the nuances of the open and obvious doctrine and the manner in which such cases have been and are now analyzed. Unfortunately, the majority today disregards that history.
 {¶ 22} Relying on Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, the majority correctly states what is necessary to establish a negligence claim; namely, a plaintiff must show the existence of a duty, a breach of that duty, and that the breach of that duty proximately caused the plaintiff's injury. The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability. See Jeffers v. Olexo (1989),43 Ohio St.3d 140, 142. A "duty" is an obligation imposed by law on one person to act for the benefit of another person because of the relationship between them. When risks and dangers inherent in that relationship can be avoided by the obligor's exercise of care, an obligor who fails to do so may be liable to another for injuries proximately resulting from those risks and dangers if the injuries were reasonably foreseeable. See Berdyck v. Shinde
(1993), 66 Ohio St.3d 573, 578 citing Prosser Keeton on Torts (5 Ed. 1984) 356, Section 53. If no duty exists, the analysis ends and no further inquiry is necessary. Gedeon v. East OhioGas Co. (1934), 128 Ohio St. 335, 338.
 {¶ 23} Although unaddressed by the majority, I do not find the injuries sustained by appellant in this case to be foreseeable. It is true that appellant supports her motion for summary judgment with accident reports of other individuals who tripped over the parking barriers in the Lakefront Lines parking lot in the weeks preceding her fall. Nonetheless, parking barriers such as the one at issue in this case are a common, everyday fact of life in this country and do not create a foreseeable risk of injury to one in appellant's position.
 {¶ 24} Obviously I agree, in part, with the minority opinion espoused by Justice Pfeifer in Armstrong v. Best Buy,2003-Ohio-2573, at ¶¶ 17-19 (Pfeifer, J., concurring in part and dissenting in part). The majority of the Ohio Supreme Court, however, decided otherwise and upheld the application of the open-and-obvious doctrine.
 {¶ 25} "We continue to adhere to the open-and-obvious doctrine today. In reaching this conclusion, we reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." (Citations omitted.) Id. at ¶ 13.
 {¶ 26} As applied, the open-and-obvious doctrine abrogates any duty owed where the condition on land was open and obvious as it was in this case. Because appellant is unable to satisfy the threshold issue of duty, the trial court did not err in granting summary judgment to Lakefront Lines because there remained no genuine issues of material fact sufficient to defeat a motion for summary judgment. It was, therefore, unnecessary for this court to consider or address issues related to causation.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
[1] See, e.g., Ward v. Wal-Mart Stores, Inc. (Dec. 28, 2001), 11th Dist. No. 2000-L-171, 2001 Ohio App. Lexis 6006.